1

2

3

4

5

6

7

8                          United States District Court

9                          Eastern District of California

10

11

12   Anthony L. Robinson,

13           Plaintiff,                    Civ. No. S 03-2085 FCD PAN P

14       vs.                               Order on Request for Counsel

15   Gray Davis, et al.,

16           Defendants.

17                              -oOo-

18       Plaintiff is a state prisoner proceeding pro se and in forma

19   pauperis in a civil rights action.  Plaintiff moved for

20   appointment of counsel on September 29, 2005.

21       In proceedings that do not threaten a litigant with loss of

22   physical liberty, there presumptively is no right to appointed

23   counsel.  Lassiter v. Department of Social Services, 452 U.S. 18,

24   26-27 (1981).  Section 1915(e)(1) of Title 28 confers discretion

25   upon the court to request counsel represent an indigent civil

26   litigant.  Mallard v. District Court, 490 U.S. 296 (1989).

1     In deciding whether to appoint counsel the court exercises

2 discretion governed by a number of factors, including the

3 likelihood of success on the merits and the applicant's ability

4 to present his claims in light of their complexity.  Weygandt v.

5 Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v.

6 Risley, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the

7 presumption of regularity in the state's procedures for confining

8 prisoners suggests a lack of likely success and counsels against

9 appointment of counsel.  See Maclin v. Freake, 650 F.2d 885, 887

10 (7th Cir. 1981).  As a general rule, the court will not appoint

11 counsel unless the applicant shows his claim has merit in fact

12 and law.  Id.  Even if the applicant overcomes this hurdle, the

13 court will not appoint counsel if the law is settled and the

14 material facts are within the plaintiff's possession, viz., they

15 do not require investigation outside the prison walls.  Id. at

16 887-88.

17     Here, plaintiff alleges racial discrimination and a

18 violation of his Eighth Amendment rights.  The law governing

19 these issues is settled and investigation outside the prison

20 walls is unnecessary to discover material facts.  There is, on

21 the record before the court, no reason to believe appointment of

22 counsel would be of significant benefit.

23     Plaintiff's September 29, 2005, request for the appointment

24 of counsel therefore is denied.

25     Time for plaintiff to amend his complaint as directed in the

26 court's August 24, 2005, order is extended to 10 days from

2

1 | service of this order.  No further extensions will be granted

2 | absent a showing of manifest injustice.

3 |     So ordered.

4 |     Dated:  October 18, 2005.

5 |                                   /s/ Peter A. Nowinski
6 |                                   PETER A. NOWINSKI
                                      Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26