IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY L. ROBINSON,

        Plaintiff,              No. CIV S-03-2085 FCD PAN P

   vs.

GRAY DAVIS, et al.,

        Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed February 17, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.[1]

---

   [1] Plaintiff's original complaint was dismissed by order filed February 17,  2005, and plaintiff was granted sixty days to file an amended complaint.  Plaintiff received several extensions of time to amend his complaint, the most recent of which was granted by order filed February 21, 2006, giving plaintiff thirty days from the date of that order to file his amended complaint.  On March 28, 2006, plaintiff filed a motion for an extension of time and for a stay of these proceedings pending appointment of a new magistrate judge.  On March 30, 2006, plaintiff filed yet another request for an extension of time to file his amended complaint and for a stay of these proceedings.  On April 25, 2006, plaintiff filed the amended complaint.  The court will grant plaintiff's March 30, 2006 request for extension of time nunc pro tunc and will screen the amended complaint.  This action will not be stayed pending appointment of a new magistrate judge.  Plaintiff is cautioned that the court will not countenance further delays of the length that has attended the filing of this amended complaint and that the action may be dismissed for lack of prosecution should plaintiff demonstrate again an inability to comply timely with court orders.

1    The court is required to screen complaints brought by prisoners seeking relief
2    against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
3    § 1915A(a).  Under that rigorous review, the court must identify cognizable claims or dismiss the
4    complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief
5    may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28
6    U.S.C. § 1915A(b)(1),(2).

7    Plaintiff's original complaint filed in this action was 147 pages in length and
8    named 80 defendants.  That complaint was so prolix and obscure that the court dismissed it and
9    gave plaintiff leave to amend.  Plaintiff has now done so; however, his amended complaint is 132
10   pages in length and names 191 defendants.  This pleading is again so prolix and obscure that the
11   court cannot reasonably discharge its responsibility under § 1915A (a) until plaintiff first satisfies
12   his own duty to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of
13   Civil Procedure.  This rule requires the pleader to set forth his averments in a simple, concise,
14   and direct manner.[2]  In reviewing plaintiff's amended complaint, the court is required to guess
15   who is being sued for what.  If the pleading were served in its present form it would not give
16   defendants fair notice of the claims against them and, indeed, their best guess about the nature of
17   plaintiff's amended complaint may be quite different than the court's.  See McHenry v. Renne,
18   84 F.3d 1172 (9th Cir. 1996) (court should be able to read the complaint in minutes, not hours,
19   and may consider the rights of defendants to be free from costly and harassing litigation and
20   other litigants waiting their turns to have other matters resolved.)

21   In McHenry v. Renne, supra, the Ninth Circuit Court of Appeal upheld the
22   dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and
23   largely irrelevant.  It consists largely of immaterial background information."  The court
24   observed the Federal Rules require that a complaint consist of "simple, concise, and direct"

25
26      [2] A party need only plead in terms that are sufficient to provide the necessary notice to his
     adversary, and evidentiary material supporting the general statements normally should not be set
     out in the pleadings but rather should be left to be brought to light during the discovery process.
     Wright & Miller § 1281 Rule 8 p. 519.

1   averments.  Id.

2        Plaintiff's amended complaint suffers from many of the same problems as the

3   pleading dismissed in McHenry: there is much "'narrative rambling[]'" yet a marked lack of

4   "notice of what legal claims are asserted against which defendants."  Id. at 1176.  As in

5   McHenry, "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose

6   unfair burdens on litigants and judges."   Id. at 1179.

7        Plaintiff will be given one further opportunity to amend his complaint, **limited to**

8   **fifteen pages**.  Plaintiff may use the court's form for filing a civil rights action, which will be

9   provided again.  Plaintiff should refer to the court's order of February 17, 2005, this order, and

10   the Federal Rules of Civil Procedure for guidance in drafting a further amended document or

11   completing the court's form complaint.

12        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate

13   how the conditions complained of have resulted in a deprivation of plaintiff's constitutional

14   rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint

15   must allege in specific terms how each named defendant is involved.  There can be no liability

16   under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's

17   actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,

18   633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19   Furthermore, vague and conclusory allegations of official participation in civil rights violations

20   are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

22   order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that

23   an amended complaint be complete in itself without reference to any prior pleading.  This is

24   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

25   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

26   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff must adhere to the foregoing guidelines for filing a second amended complaint or risk sanctions, which may include dismissal of the action outright.

IT IS HEREBY ORDERED:

1.  Plaintiff's amended complaint is dismissed, and the Clerk of the Court is directed to send plaintiff another copy of the court's form complaint for filing of civil rights actions under 42 U.S.C. § 1983.

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that is limited to **fifteen** pages, that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3.  Plaintiff **must** file an original and two copies of the second amended complaint as the court previously has directed.  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4.  Plaintiff's March 28, 2006 motion for an extension of time and a stay of proceedings to allow the appointment of a new magistrate judge is denied.

5.  Plaintiff's March 30, 2006 motion for an extension of time to file an amended complaint is granted nunc pro tunc and plaintiff's April 25, 2006 amended complaint is deemed timely filed.

DATED: June 12, 2006.

UNITED STATES MAGISTRATE JUDGE

14
robi2085.14amd